IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM E. BOWHALL,    )
            )
  Plaintiff,      )
            )
  v.         )   CASE NO. 3:20-cv-1039-RAH-JTA
            )
ALABAMA LEGISLATURE,   )
            )
  Defendant.     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court for screening prior to service of process pursuant to 28 U.S.C. § 1915(e).  Plaintiff William E. Bowhall, proceeding *pro se*, filed a prolonged complaint against the Alabama Legislature.  (Doc. No. 1.)  This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate, pursuant to 28 U.S.C. § 636.  (Doc. No. 11.)

For the reasons stated herein, the undersigned finds that this action is due to be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. STANDARD OF REVIEW

Title 28 U.S.C. § 1915(e)(2) requires a federal court to dismiss an action if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  The purpose of Section 1915(e)(2) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits

under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A dismissal pursuant to Section 1915(e)(2) may be made *sua sponte* by the court prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering frivolous complaints. *Id.* at 324.

A complaint is frivolous where it "lacks an arguable basis either in law or in fact." *Id.* at 325. In other words, a complaint is frivolous when it "has little or no chance of success" – for example, when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Neitzke,* 490 U.S. at 327. "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Wilkerson v. H & S, Inc.*, No. 09–13569, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true

2

(even if doubtful in fact)." *Twombly*, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' " or if it "tenders 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).  In short, the complaint must provide a " 'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint.  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Yet any leniency cannot serve as a substitute for pleading a proper cause of action.  *See Odion v. Google Inc.*, No. 14–12394, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action").  "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, No. 10–11252, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.   FACTUAL ALLEGATIONS

On December 15, 2020, Plaintiff filed his Complaint against the Alabama Legislature.[1]  (Doc. No. 1.)  This Complaint is no easy read as it consists of 101 hand-written pages of rambling, disjointed and mostly unintelligible allegations.  For example, Plaintiff complains of "ongoing negligence in [the] duty of office by state and federal elected officials . . in collusion with federal agencies and media outlets . . . which has allowed the degradation of the democratic process and prevented the establishment of ballot access and representation in the State of Alabama and across the United States spaning [sic] two, [sic] or more decades." (*Id*. at 1.)  He also complains of "loss of political and legal representation on a timely basis" as well as the State of Alabama's failure to provide "patent/copyright services" for "over the last twenty-five years." (*Id*. at 1-2.)  He alleges he has "lost decades of great potential wealth involving commerce trade ventures[,]" complains that the "outcome of elections" has been "altered[,]"  asserts that "campaign laws" created "an infusion of enslavement" and contends "[t]he public has entered the 2020 elections uninformed." (*Id*. at 2, 5, 8.)  Plaintiff further complains that his "right to representation has been denied" and alleges he "has suffered infringements against" his constitutional rights. (*Id*. at 32.)  Plaintiff seeks "legislative reforms[,]" civil damages and requests criminal action. (*Id*. at 4, 33, 37, 38, 45.)

---

[1] Plaintiff complains of the actions of too many individuals and organizations to even list or discuss here.  Notably, Plaintiff includes a list of individuals and entities on pages 28-32 of the Complaint, which at first glance to the reader could be a list of named defendants, but this cannot be true as Plaintiff is included in the list. (*Id*. at 28-32.)

4

While the Complaint was being screened prior to service of process pursuant to 28 U.S.C. § 1915(e), Plaintiff filed three supplements to his Complaint.  (*See* Docs. No. 13, 14, 15.)  On August 18, 2021, Plaintiff filed a motion to amend his Complaint, indicating that the Clerk of Court improperly "entered this case as a singular defendant case" and requesting that "proper changes be made concerning the issue of defendants named." (Doc. No. 16.)  By Order dated August 23, 2021, this court granted the motion to amend and directed Plaintiff to file the amended complaint.  (Doc. No. 17.)  Despite an extension of the deadline for amendment, Plaintiff failed to file an amended complaint.  On January 20, 2022, Plaintiff filed a "rebuttal" document informing the court that he "withdraws the request for an amendment as a change in the case is not warranted."  (Doc. No. 21.) Therefore, the operative pleading at issue is the Complaint, which as Plaintiff acknowledges, has been docketed to name the Alabama Legislature as the sole defendant.

## III.   JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff appears to allege claims of constitutional violations under 42 U.S.C. § 1983.

## IV.   DISCUSSION

The undersigned has carefully reviewed the Complaint in this case pursuant to 28 U.S.C. § 1915(e).  Upon review, the undersigned finds that Plaintiff's claims are frivolous as a matter of law because the Alabama Legislature is immune from suit.

First, Plaintiff's claims against the Alabama Legislature are foreclosed by the Eleventh Amendment.  The Eleventh Amendment provides that the "[j]udicial power of

the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  "[A] suit in which the State or one of its agencies or departments is named as defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *see also Carr v. City of Florence,* 916 F.2d 1521, 1524 (11th Cir. 1990) ("Although the express language of the [Eleventh] [A]mendment does not bar suits against a state by its own citizens, the Supreme Court has held that an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens." (citing *Hans v. Louisiana,* 134 U.S. 1 (1890))).  The principles of sovereign immunity are also embedded in Art. I, § 14 of the Alabama Constitution, which states "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. 1, § 14.

It is "well-settled that Eleventh Amendment immunity bars suits brought in federal court . . . when an 'arm of the State' is sued." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (citation omitted).  Hence, the Alabama Legislature, as an arm of the State, is entitled to sovereign immunity.

Second, the Eleventh Circuit has held that state legislators who act in their legislative capacities are entitled to absolute legislative immunity whether a suit seeks damages or prospective relief and regardless of whether the state legislators are named in their individual or official capacity. *See Scott v. Taylor*, 405 F.3d 1251, 1257 (11th Cir. 2005).  Thus, the Alabama Legislature is entitled to absolute legislative immunity for the claims alleged by Plaintiff.

Accordingly, Plaintiff's claims alleged against the Alabama Legislature are barred and are due to be dismissed.

## V.    CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further ORDERED that **on or before February 8, 2022**, Plaintiff may file an objection to the Recommendation.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which he objects.  Plaintiff is advised that frivolous, conclusive, or general objections will not be considered.  This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of January, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE